**Winlesky BURHAM, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–73945.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 2016.*

Filed Jan. 26, 2016.

David M. Haghighi, Law Offices of David M. Haghighi, APC, Los Angeles, CA, for Petitioner.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Margaret Anne O'Donnell, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

MEMORANDUM **

Winlesky Burham, native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and deny the petition for review.

We deny respondent's request for summary disposition. *See Quan v. Gonzales*, 428 F.3d 883, 886 (9th Cir.2005).

Substantial evidence supports the BIA's finding that Burham failed to establish his experiences in Indonesia, even considered cumulatively, rose to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975–76 (9th Cir.2009); *Wakkary*, 558 F.3d at 1059–60 (record did not compel finding of past persecution where petitioner was robbed and beaten as a youth and accosted by a mob). We reject Burham's contentions that the BIA ignored evidence. Substantial evidence also supports the BIA's finding that, even under a disfavored group analysis, Burham failed to show sufficient individualized risk to establish a well-founded fear of persecution. *See Halim*, 590 F.3d at 979. We reject Burham's contentions that the BIA applied an incorrect legal standard or ignored evidence. Thus, his asylum claim fails.

Because Burham did not establish eligibility for asylum, he did not meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

Finally, substantial evidence supports the denial of Burham's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Indonesia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th. Cir. 2008).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.